

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00351-CV

_____

IN THE MATTER OF T.R.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-103805-16

Before Kerr, Pittman, and Birdwell, JJ.
Opinion by Justice Kerr

## MEMORANDUM OPINION

Under a plea agreement, the juvenile court adjudicated then-15-year-old T.R. delinquent for committing two counts of aggravated robbery and assessed an eight-year determinate sentence probated for eight years. *See* Tex. Fam. Code Ann. § 53.045(a)(7) (West Supp. 2017), § 54.03 (West 2014), § 54.04 (West Supp. 2017); *see also* Tex. Penal Code Ann. § 29.03 (West 2011). Less than six months later, the State moved to modify the disposition because T.R. had violated the terms and conditions of her probation. Following a hearing, the juvenile court granted the State's motion and modified the disposition to commit T.R. to the Texas Juvenile Justice Department for a determinate-sentence period of eight years with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Fam. Code Ann. § 54.05 (West Supp. 2017). T.R. has appealed from the juvenile court's judgment and commitment order.

T.R.'s court-appointed counsel has filed a brief in which he states that he has reviewed the record and believes the appeal is frivolous. Counsel's brief—filed without a motion to withdraw—meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile appeals).

Appellant's counsel mailed T.R. a copy of the *Anders* brief along with a letter notifying T.R. of her right to file a pro se response to that brief. We also notified T.R. and her grandmother (T.R.'s guardian) by mail of the right to respond to counsel's *Anders* brief. T.R. wrote back stating that she wanted to appeal the juvenile court's judgment and made several "statements" in support. We then provided her a copy of the record and gave her the opportunity to file an additional pro se response. T.R. did not respond further, and the State declined to file a brief.

Once an appellant's court-appointed attorney files an *Anders* brief on the ground that the appeal is frivolous and fulfills the *Anders* requirements, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *See In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief, T.R.'s letter, and the appellate record. In the course of our review, we have found a statutory reference in the commitment order that needs to be modified: that order states that T.R. is "committed to the care, custody, and control of the TEXAS JUVENILE JUSTICE DEPARTMENT in accordance with Article 61.084, V.A.T.H.R.C. . . . ." Because that statute was amended and redesignated as human resources code section 245.151, we modify the commitment order by deleting "Article 61.084, V.A.T.H.R.C." and

3

replacing it with "Texas Human Resources Code Section 245.151." *See* Act of May 19, 2011, 82d Leg., ch. 85, § 1.007, sec. 245.151, 2011 Tex. Gen. Laws, 366, 427 (codified at Tex. Hum. Res. Code Ann. § 245.151 (West 2017)). We otherwise agree with T.R.'s counsel that the appeal is wholly frivolous and without merit, and we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *In re K.B.*, No. 02-11-00097-CV, 2012 WL 1868518, at *1 (Tex. App.—Fort Worth May 24, 2012, no pet.) (mem. op.). We thus affirm the juvenile court's judgment and the commitment order as modified.[1]

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: September 27, 2018

---

[1]As noted, T.R.'s counsel did not file a motion to withdraw with his *Anders* brief. In his brief, counsel explicitly stated that he was *not* moving to withdraw, recognizing that we have extended the reasoning of *In re P.M.*, a termination-of-parental-rights appeal, to *Anders* appeals in juvenile cases. *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.); *see In re P.M.*, 520 S.W.3d 24, 26–27 (Tex. 2016) (order). When, as in this case, the trial court finds a child's family indigent and appoints counsel, that counsel must continue to represent the child "*until the case is terminated*, the family retains an attorney, or a new attorney is appointed by the juvenile court." Tex. Fam. Code Ann. § 51.101 (West Supp. 2017) (emphasis added); *see A.H.*, 530 S.W.3d at 717. As counsel has recognized, the record in this case does not show that either of the latter two events has occurred, and this case has not "terminated" because not all appeals have been exhausted. *See A.H.*, 530 S.W.3d at 717 (citing *P.M.*, 530 S.W.3d at 26 & n.5, 27). As counsel knows, he has a continuing duty to represent T.R. until he has exhausted all appellate proceedings, including possibly filing a petition for review in the supreme court. *See In re D.T.*, No. 02-17-00061-CV, 2017 WL 2806323, at *3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.).